IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT F. EASTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No.: 7:14-cv-568 |
| | ) |
| v. | ) |
| | ) |
| CONTECH CONSTRUCTION | ) By: Hon. Robert S. Ballou |
| PRODUCTS, INC., *et al.*, | ) United States Magistrate Judge |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Defendant Contech Construction Products, Inc. ("Contech") filed a motion to enforce the settlement agreement between Contech and Plaintiffs Scott F. Easter, Daniel M. Early, ACS Design, LLC ("ACS") and Apptech Solutions, LLC ("Apptech"). Dkt. No. 68. Applied Technologies, Inc. has also been joined as a party to this matter by order entered on September 29, 2017. Dkt. No. 84. By order entered October 17, 2017, the court granted the motion to enforce the settlement as against ACS and Apptech, and the matter was referred to me for an evidentiary hearing on the amount of any judgment against ACS and Apptech. Dkt. No. 85.

I held such evidentiary hearing on December 15, 2017; defendant Contech was present by counsel, but plaintiffs ACS and Apptech did not appear, and are not currently represented by counsel.[1] Contech presented evidence regarding the amount of the judgment through the

---

[1] Philip Bane, an officer for Applied Technologies, Inc., was also present, without counsel. Mr. Bane was advised that he could not appear on behalf of a corporation because he was not an attorney. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.").

testimony of Andrew M. Jenkins, a national engineering manager for Contech who handles the PVC product line. Mr. Jenkins testified that Contech entered into a settlement agreement with ACS and Apptech in which both ACS and Apptech agreed to pay Contech the total sum of $800,000.00 less any credits. Mr. Jenkins further testified that ACS and Apptech had received two credits for services and equipment, resulting in an outstanding amount due on the settlement agreement in the amount of $791,947.51. Based on the evidence presented, I conclude that Contech has established the unpaid balance from the settlement agreement in the amount of $791,947.51, and accordingly, I recommend that the district court enter judgment against ACS and Apptech for $791,947.51 with interest at the judgment rate from the date of judgment.[2]

The Clerk is directed to transmit the record in this case to Elizabeth K. Dillon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record, as well as to Philip Bane at Applied Technologies, Inc.'s corporate offices located at 1910 9th Street SE, Roanoke, Virginia 24013. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

---

[2] An outstanding issue still remains regarding whether Applied Technologies, Inc. is a successor in interest or assignee of Apptech and thus bound by the settlement agreement in this case. This issue can only be resolved following additional discovery, including a deposition of a corporate representative of Applied Technologies, Inc., which will be scheduled in the near future.

Entered: December 15, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge