IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SCOTT F. EASTER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:14-cv-00568 |
| | ) | |
| CONTECH CONSTRUCTION | ) | By: Elizabeth K. Dillon |
| PRODUCTS, INC., *et al.*, | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

**ORDER**

The court previously granted the motion by defendant Contech Engineered Solutions, LLC f/k/a Contech Construction Products, Inc. (Contech) to enforce the settlement agreement between Contech as against plaintiffs ACS Design, LLC (ACS), and Apptech Solutions, LLC (Apptech). (Dkt. No. 85), and referred the matter to the magistrate judge to hold an evidentiary hearing in order to determine the amount of any judgment against ACS and Apptech for the failure to abide by the terms of the settlement agreement. (*Id.* at 2.)

United States Magistrate Judge Robert S. Ballou held an evidentiary hearing on the matter on December 15, 2017, at which both ACS and Apptech failed to appear. (Dkt. No. 92.) The same day, Judge Ballou issued a Report and Recommendation (R&R) setting forth his factual finding and conclusion that Contech had established an unpaid balance from the settlement agreement in the amount of $791,947.51. (*Id.* at 2.) He therefore recommended that this court enter judgment against ACS and Apptech for $791,947.51, with interest at the judgment rate from the date of judgment. (*Id.*)

The R&R advised the parties of their right under 28 U.S.C. § 636(b)(1) to file written objections to the proposed findings and recommendations within 14 days of service of the R&R. (*Id.*). The deadline to object to the R&R has passed, and no party has filed an objection. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Upon reviewing the record here, the court is satisfied that there is no clear error. Accordingly, it hereby ORDERS as follows:

1. The R&R (Dkt. No. 92) is ADOPTED;
2. Judgment will be entered against ACS Design, LLC, and Apptech Solutions, LLC, jointly and severally, and in favor of Contech Engineered Solutions, LLC f/k/a Contech Construction Products, Inc. The amount of the judgment will be $791,947.51, and will include interest from the date of entry of judgment.

As the R&R notes, an "outstanding issue still remains as to whether Applied Technologies, Inc. is a successor in interest or assignee of Apptech and thus bound by the settlement agreement in this case." (Dkt. No. 92 at 2 n.2.) Discovery is ongoing to resolve this issue.

The court recognizes that this order disposes of all claims against certain parties. Nonetheless, because of the remaining claim against Applied Technologies, Inc., and because no party has requested the entry of judgment under Rule 54(b), the court will not enter a final judgment under Rule 58 at this time. Although the claims against some plaintiffs are finally resolved, the court nonetheless believes there is a just reason for the delay in entry of judgment:

preventing piecemeal appeals. *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (discussing factors district court must consider in determining whether there is no just reason for delay in entering the judgment, including "the relationship between the adjudicated and unadjudicated claims" and "the possibility that the reviewing court might be obliged to consider the same issue a second time"). Particularly because the claims against the other plaintiffs and the claims against Applied Technologies, Inc. are effectively the same claim, allowing both a possible appeal now and a possible appeal later—after the claim against Applied Technologies, Inc. is resolved—would likely require the appellate court to address many of the same issues twice. Accordingly, the court will wait to enter final judgment until the claim against Applied Technologies, Inc. is fully resolved.

The clerk is directed to send a copy of this order to all counsel of record and to any unrepresented parties.

Entered: January 3, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge