IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SCOTT F. EASTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 7:14-cv-00568 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| CONTECH CONSTRUCTION | ) United States District Judge |
| PRODUCTS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Contech Engineered Solutions f/k/a/ Contech Construction Products, Inc. (Contech) entered into an amended settlement agreement and limited releases with plaintiffs ACS Design, LLC and Apptech Solutions, LLC (Apptech) to settle all claims asserted in this case. On March 24, 2017, Contech filed a motion to enforce the settlement after ACS and Apptech both breached the agreement by failing to meet their payment obligations. (Dkt. No. 68.) After beginning collection proceedings, Contech joined Applied Technologies, Inc. (Applied) as a defendant in this case on the theory that Applied was a successor in interest to Apptech and liable under the terms of the settlement agreement. (Dkt. No. 84.) By order entered October 17, 2017, the court granted the motion to enforce the settlement. On January 3, 2018, the court delayed entry of final judgment to prevent piecemeal appeals because the claim against Applied remained. The court, however, noted that it would enter judgment against ACS and Apptech, jointly and severally, and in favor of Contech for $791,947.51, with interest from the date of entry of judgment. (Dkt. Nos. 85, 95.)

On August 15, 2018, Contech filed a motion to declare Applied a successor in interest to Apptech and enforce the terms of the settlement agreement against Applied. (Dkt. No. 102.) In

accordance with 28 U.S.C. § 636(b)(1)(B), the court referred the motion to Magistrate Judge Robert S. Ballou who held an evidentiary hearing and issued a Report and Recommendation (R&R). (R&R, Dkt. No. 117.) Applied argued that the terms of the settlement agreement regarding percent of financial interest in any successor in interest (Financial Interest Terms) preclude it from being considered a successor to Apptech for purposes of the settlement agreement and that, regardless of the settlement agreement, it is not a successor in interest under the law. The magistrate judge concluded that *if* Applied were declared a successor in interest to Apptech, Contech could hold Applied liable under the terms of the settlement agreement despite the Financial Interest Terms; however, he continued to find that Applied did not satisfy any of the asserted tests to hold it liable as a successor in interest under Virginia law.[1] Accordingly, the R&R recommends denying Contech's motion.

Although Applied agrees with the recommended disposition, it nonetheless objects to the magistrate judge's first finding—that, were Applied a successor in interest to Apptech, the Financial Interest Terms do not preclude enforcement against Applied. (Dkt. No. 118.) For the reasons set forth below, the court will adopt the R&R and deny Contech's motion because it agrees that Applied is not a successor in interest under the law. Because the additional finding interpreting the Financial Interest Terms is unnecessary to reach the finding that Applied is not a successor in interest, the court will not adopt the portion of the R&R regarding the Financial Interest Terms.

---

[1] Although the settlement agreement indicates that Ohio law should govern the agreement, the R&R notes that the parties relied largely on Virginia law in their briefs. (R&R 6 n.8.) The magistrate judge found that Ohio and Virginia law are "basically identical" regarding successor liability and thus applied Virginia law in conformity with the parties' briefs. No party has objected on those grounds. Noting the similarity between Ohio and Virginia law on this point, the court finds no error in the magistrate's application of Virginia law.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.  (R&R 2–4.)

II.  DISCUSSION

**A.    Standard of Review**

"The Federal Magistrates Act requires a district court to 'make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (quoting 28 U.S.C.A. § 636(b)(1)).  For those portions of the R&R to which no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note).

**B.    Applied Is Not a Successor in Interest to Apptech**

No party objected to the R & R's finding that Applied is not a successor in interest to Apptech.  Indeed, Contech concedes that "[f]inding that Applied is the successor in interest to Apptech is necessary to Contech to obtain the complete relief to which it is entitled under the Settlement Agreement."  (Dkt. No. 102-11 at 2.)  The magistrate judge found, and the court agrees, that Applied is not a successor in interest to Apptech.  Upon reviewing the record, the court is satisfied that there is no clear error as to the R&R's finding in this regard or to the recommended disposition of the Contech's motion.  The court will therefore adopt this recommended finding and disposition.

The only objection was filed by Applied wherein it takes issue with the magistrate judge's finding "that the express terms of the Settlement Agreement do not preclude enforcement of its obligations against Applied [the Financial Interest Terms]." (Dkt. No. 118 at 3.) Because this finding is not necessary to the resolution of this case given the finding that Applied is not a successor in interest to Apptech, the court will not adopt this finding and declines to weigh in on the correct interpretation of the Financial Interest Terms.

Thus, the court need not resolve the issue of whether Contech can enforce its settlement agreement against certain successors in interest.

### III. CONCLUSION

For the reasons set forth above, the court will sustain Applied's objection, adopt the R&R in part, and reject the R&R in part.[2] An appropriate order will follow.

Entered: September 30, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[2] To be clear, this is not to say that this court necessarily disagrees with the magistrate judge's reasoning regarding interpretation of the settlement agreement. Rather, the court finds it unnecessary to resolve that issue at this time.

4